■ FLUSHING NATIONAL BANK, Respondent, v TRANSAMERICA INSURANCE COMPANY, Appellant.—In an action on a blanket employee fidelity bond and an excess coverage employee fidelity bond issued by defendant, defendant appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated January 25, 1984, which denied its motion for summary judgment.

Order modified, on the law, so as to provide that partial summary judgment is granted dismissing so much of plaintiff's complaint as seeks to recover for losses specified in the sixth, seventh and eighth items of the proof of loss dated January 8, 1980, and denominated as the "last transaction" at page 9 of the affidavit of Peter Blitzer, sworn to on October 24, 1983, and motion otherwise denied. As so modified, order affirmed, without costs or disbursements.

The language of the trading loss rider to the blanket employee fidelity bond unambiguously indicates that trading losses were excluded from coverage. So much of plaintiff's complaint as seeks to recover for losses arising out of a "short-sale" of United States Treasury notes should therefore be dismissed, and accordingly partial summary judgment is granted to defendant regarding the sixth, seventh and eighth items specified in plaintiff's proof of loss, which arose from employee trading (*see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291).

Although plaintiff failed to demonstrate actual losses arising from employee dishonesty with regard to other transactions, which apparently did not involve trading, it did demonstrate that facts regarding the details of these losses do exist, but are currently unavailable. Therefore, summary judgment was properly denied regarding these transactions at this point in time (*see,* CPLR 3212 [f]; *Zuckerman v City of New York,* 49 NY2d 557, 562). Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.